UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

JOSÉ SKERRET-ORTEGA,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civil No. 09-2294 (JAF)

(Crim. No. 03-293)

**OPINION AND ORDER**

Petitioner brings this pro-se petition under 28 U.S.C. § 2255 for relief from sentencing by a federal court, alleging that the sentence was imposed in violation of his rights under federal law. (Docket No. 1.) Respondent opposes (Docket No. 5), and Petitioner replies (Docket No. 6).

**I.**

**Background**

On September 14, 2005, a jury convicted Petitioner for conspiring to distribute cocaine, crack cocaine, heroin, and marijuana, in violation of 21 U.S.C. §§ 841, 846. (Docket No. 1 at 1.) We sentenced him to 360 months and five years of supervised release. (Id.) He appealed, alleging improper admission of evidence and improper refusal to allow him to change his plea but, on July 11, 2008, the First Circuit confirmed his conviction and sentencing. (Id. at 2.) In 2008, he petitioned under 18 U.S.C. § 3582 for a reduction of his sentence for crack cocaine, but the reduction was denied. (Id. at 2-3.)

Civil No. 09-2294 (JAF) -2-

Petitioner now asserts that his conviction is unconstitutional because (1) he received ineffective assistance of both trial and appellate counsel (Docket No. 1-2 at 3-12); and (2) there was insufficient evidence to support his conviction (id. at 12-13). Petitioner also asserts that he is entitled to an evidentiary hearing on these claims. (Docket No. 6 at 4.) Respondent, in turn, argues that Petitioner's claims are untimely and meritless and that no evidentiary hearing is in order. (Docket No. 5.)

## II.

### Standard for Relief Under 28 U.S.C. § 2255

A federal district court may entertain a § 2255 petition when the petitioner is in custody under the sentence of a federal court. See 28 U.S.C. § 2255. A federal prisoner may challenge his or her sentence on limited grounds, including that it "was imposed in violation of the Constitution or laws of the United States." Id. The petitioner is entitled to an evidentiary hearing unless the "allegations, accepted as true, would not entitle the petitioner to relief, or . . . 'are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" United States v. Rodríguez Rodríguez, 929 F.2d 747, 749-50 (1st Cir. 1991) (quoting Dziurgot v. Luther, 897 F.2d 1222, 1225 (1st Cir. 1990)); see 28 U.S.C. § 2255(b).

Because Petitioner appears pro se, we construe his pleadings more favorably than we would those drafted by an attorney. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, Petitioner's pro se status does not excuse him from complying with procedural and substantive law. Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

### III.

### Analysis

**A.  Timeliness**

Petitioner was required to file the instant petition by the court-imposed deadline of November 13, 2009. (Crim. No. 03-293, Docket No. 258.) While Petitioner failed to meet that deadline (Docket No. 1-4), he attached an affidavit from a correctional facility employee attesting that she had misplaced Petitioner's legal material during the course of its delivery around November 8, 2009 (Docket No. 1-3). Given our understanding that incarcerated pro-se petitioners file at the mercy of the prison's mail delivery system, see Morales-Rivera v. United States, 184 F.3d 109 (1st Cir. 1999), we accept Petitioner's untimely submission under the doctrine of equitable tolling, see Barreto-Barreto v. United States, 551 F.3d 95, 101 (1st Cir. 2008) (withholding judgment as to whether equitable tolling applies to § 2255 petitions but opining that equitable tolling might save an untimely § 2255 petition where "extraordinary circumstances beyond [a petitioner's] control prevented timely filing" (internal quotation marks omitted)).

**B.  Ineffective Assistance of Counsel**

The Sixth Amendment "right to counsel is the right to the effective assistance of counsel." Strickland v. Washington, 466 U.S. 668, 686 (1984) (internal quotation marks omitted); see U.S. Const. amend. VI. To establish ineffective assistance, a petitioner must show both that his counsel's performance was deficient and that he suffered prejudice as a result of the deficiency. Strickland, 466 U.S. at 686-96. To show deficient performance, a petitioner must "establish that counsel was not acting within the broad norms of professional competence." Owens v. United

Civil No. 09-2294 (JAF) -4-

States, 483 F.3d 48, 57 (1st Cir. 2007) (citing Strickland, 466 U.S. at 687-91). To show prejudice, a petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceedings would have been different." Strickland, 466 U.S. at 694.

### 1. Trial Counsel

Petitioner claims that his trial counsel was ineffective in that counsel (1) failed to impeach the government's chief witness against him, Jesús Rafael Rivera-Santiago ("Rivera-Santiago"); (2) failed to present Petitioner's requested defense; and (3) failed to prepare for his representation. (Docket No. 1-2.) We see from the record that every claim lacks merit.

Petitioner claims that Rivera-Santiago should have been impeached, due to Rivera-Santiago's agreement to testify in exchange for a lesser sentence and due to his involvement in past crimes, including drug sales and at least one murder. Specifically, Petitioner claims that his trial counsel's failure to investigate, to properly cross-examine, and to adequately address these points of impeachment during closing argument allowed the jury to afford Rivera-Santiago's testimony undue weight. A quick review of the trial transcript reveals the opposite. Both the government on direct and Petitioner's trial counsel on cross thoroughly discussed Rivera-Santiago's criminal background, arrest and sentencing for same, and cooperation with the government. (See Trial Tr. 6-12, 71-81, Sept. 12, 2005;[1] Trial Tr. 5-11, Sept. 13, 2005.[2]) Indeed, Petitioner's trial counsel pressed at length the incredibility of the government's witness

---

[1] The referenced transcript is available at Crim. No. 03-293 Docket No. 228.

[2] The referenced transcript is available at Crim. No. 03-293 Docket No. 229.

Civil No. 09-2294 (JAF)                                                                                                     -5-

during his closing argument.  (See Trial Tr. 72-75, Sept. 13, 2005.)  We, therefore, find that counsel was not deficient in this respect.

Petitioner claims that his trial counsel did not present his requested defense—though he does not specify what that requested defense was, we assume from other portions of his petition that he refers to evidence that he maintained legitimate gainful employment and had no involvement with drugs.  Again, a quick review of the trial transcript extinguishes this claim.  Trial counsel examined two witnesses, each of which testified primarily to Petitioner's legitimate gainful employment and to their knowledge that Petitioner had no involvement with drugs.  (See id. at 57-59, 61-62, 65-66.)  So again we find counsel was not deficient in this performance.

Finally, Petitioner claims that his trial counsel failed to visit him at the detention center and otherwise failed to adequately prepare for this representation.  Trial counsel's contrary statement at the sentencing hearing, while not made under oath, was made in a setting lending sufficient credibility to the statement.  Specifically, trial counsel stated that he had visited Petitioner various times at the detention center. (Sent'g Hr'g Tr. 6-7, Dec. 14, 2005.[3])  We also note that trial counsel at various times throughout the proceedings and trial displayed his knowledge of the facts and government documents available to him.  (See, e.g., Status Conf. Hr'g Tr. 2-3, Aug. 15, 2005;[4] Trial Tr. 69-71, Sept. 12, 2005.)  We, therefore, find Petitioner's claim incredible given the documented indication of his counsel's preparation.

---

[3] The referenced transcript is available at Crim. No. 03-293 Docket No. 231.

[4] The referenced transcript is available at Crim. No. 03-293 Docket No. 233.

### 2. **Appellate Counsel**

Petitioner claims that his appellate counsel was ineffective because counsel (1) did not challenge the sufficiency of the evidence against him; (2) did not appeal his sentence; (3) did not investigate Rivera-Santiago's cooperation with the government and use it to prove that witness' perjury; and (4) improperly raised the issue of trial counsel's ineffective assistance of counsel. (Docket No. 1-2.) These claims too are meritless.

As to the arguments appellate counsel chose not to pursue on appeal, we may presume that counsel's choice was a matter of strategy. See, e.g., Smith v. Robbins, 528 U.S. 259, 288 (2000). Absent any indication that Petitioner would have prevailed on the forgone arguments, we deem that choice sound. Id. at 285. In this case, Petitioner makes no showing that appellate counsel probably would have prevailed on these grounds. Petitioner presents no viable challenge to the sufficiency of the evidence against him, at least none that was not already explored during his trial. See infra Part III.C. And his argument for disregarding the quantity of drugs ascribed to him, presumably the basis for his claiming a lesser sentence, is similarly incredible. See id. As to counsel's alleged failure to investigate, we find Petitioner's assertion incredible, as appellate counsel would have been alerted to the potential for Rivera-Santiago's impeachment from a quick perusal of the trial transcript. And as to claim (4), though we agree that ineffective assistance of counsel claims are usually best brought under § 2255 rather than direct appeal, it is not necessarily legal error to raise such a claim on direct appeal. See United States v. Garcia-Pastrana, 584 F.3d 351, 388 (1st Cir. 2009). In any case, any such deficiency could not have prejudiced Petitioner, as we herein address the alleged ineffective assistance of Petitioner's trial counsel.

### C.     Sufficiency of the Evidence

Sufficiency of the evidence is a federal constitutional claim; the evidence in support of a conviction must be sufficient to lead a rational trier of fact to find guilt beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 317, 320-21 (1979). Generally, sufficiency of the evidence must be raised on direct appeal; if it is not, a § 2255 petitioner may not raise it unless extraordinary circumstances compel waiver of this procedural bar. See Awon v. United States, 308 F.3d 133, 142-43 (1st Cir. 2002). Such extraordinary circumstances may include ineffective assistance of counsel. See Owens v. United States, 483 F.3d 48, 63 (1st Cir. 2007).

Because Petitioner failed to claim insufficiency of the evidence on direct appeal, this claim is procedurally barred. As we find no indication of ineffective assistance of counsel in this case, see supra Part III.B, that alleged deficiency cannot serve to excuse this procedural default. We note that, in any case, his challenges to the sufficiency of the evidence are unavailing. He claims that it would have been impossible to sell the amount of narcotics to which Rivera-Santiago testified, but he points to no evidence supporting that claim—we can only assume it stems from his personal knowledge of such matters, which he could have raised at trial. He also claims there is no evidence on the record of his involvement in a conspiracy, despite Rivera-Santiago's testimony that he himself entered into a financial agreement with Petitioner regarding the profits made at the drug point Petitioner rented from Rivera-Santiago. (See, e.g., Trial Tr. 29-30, Sept. 12, 2005.) And general claims as to Rivera-Santiago's credibility merely restate the defense theory put to the jury. In short, we have here no argument that disturbs our confidence in Petitioner's conviction.

### IV.

### Conclusion

For the foregoing reasons, we hereby **DENY** Petitioner's § 2255 motion (Docket No. 1). Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, we summarily **DISMISS** this petition, because it is plain from the record that Petitioner is entitled to no relief.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, this 20th day of May, 2010.

s/José Antonio Fusté
JOSE ANTONIO FUSTE
Chief U.S. District Judge